# CASE ANNOUNCEMENTS

## *April 22, 2010*

[Cite as *04/22/2010 Case Announcements*, 2010-Ohio-1740.]

## MOTION AND PROCEDURAL RULINGS

**In re Application of Breen.**
On March 8, 2010, the court issued an order indicating that Kevin Breen, as a licensed attorney, was not required to seek leave to file an appeal on behalf of Prasad Bikkani. On March 19, 2010, Breen presented a motion for extension of time to file an appeal and indicated that the decision of March 8, 2010, was in conflict with the court's decision in 2008–1667, which struck his documents for failure to seek leave. A memorandum in opposition to the motion for extension of time was also filed.

It is ordered by the court, sua sponte, that this order extends the time by 45 days from the date of this entry for attorney Kevin Breen to file a notice of appeal and memorandum in support of jurisdiction of the January 4, 2010 court of appeals decision.

PFEIFER, Acting C.J.

**In re Lewis.**
In May 11, 2005, this court found Sidney T. Lewis and Yvonne D. Webb-Lewis to be vexatious litigators under S.Ct.Prac.R. 14.5(B). This court further ordered that Sidney T. Lewis and Yvonne D. Webb-Lewis were prohibited from continuing or instituting legal proceedings in this court without first obtaining leave. On April 6, 2010, Sidney T. Lewis and Yvonne D. Webb-Lewis submitted a motion for leave to file motions. Upon consideration thereof,

It is ordered by the court that the motion for leave of Sidney T. Lewis and Yvonne D. Webb-Lewis is denied.

PFEIFER, Acting C.J.

**1986–0642.   State v. Beuke.**
Hamilton App. No. C–830829. By entry filed November 4, 2009, this court ordered that appellant's sentence be carried into execution on Thursday, May 13, 2010. In order to facilitate this court's timely consideration of any matters relating to the execution of appellant's sentence,

It is ordered by the court that the Chief Justice, or the Acting Chief Justice, may suspend application of any provisions of the Rules of Practice of the Supreme Court, including, but not limited to, the filing requirements imposed by S.Ct.Prac.R. 14.1.

It is further ordered that service of documents as required by S.Ct.Prac.R. 14.2, shall be personal, by facsimile transmission, or by email.

It is further ordered that counsel of record for the parties shall provide this court with a copy of any document relating to this matter that is filed in, or issued by, any other court in this state or any federal court, as well as any commutation, pardon, or warrant of reprieve issued by the Governor. A copy of the document shall be delivered to the Office of the Clerk as soon as possible, either personally, by facsimile transmission, or by email.

PFEIFER, Acting C.J.